*E-FILED - 6/4/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 07-00363 RMW |
|---|---|---|
| Plaintiff, | ) ) | ORDER ADDRESSING DEFENDANT'S REQUEST |
| v. | ) ) | FOR A COPY OF HIS FILE |
| JUAN HERNANDEZ-TORRES a/k/a Andres Sanchez-Torres, | ) ) ) | (Docket No. 64) |
| Defendant. | ) | |

The court has received a request from defendant for the complete file of his conviction and sentence in the above case. He indicates that he needs this file "to continue with his preparation and later filing of a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence for he received ineffective assistance of counsel." Defendant was convicted and sentenced before this court. He has not filed any § 2255 motion yet.

Title 28 U.S.C.A. § 2250 authorizes a court to order the clerk to furnish 'such documents or parts of the record on file' as may be required to consider a pending writ or § 2255 application. "This section presupposes that a writ of habeas corpus or § 2255 application has been filed . . . ." *United States v. Newsome*, 257 F. Supp. 201, 203 (N.D. Ga. 1966). "[A]n order directing the Clerk of any Court of the United States to furnish to a indigent petitioner certified copies of records on file in his office, without prepayment of costs, may be made only by the Judge of the Court before whom an application for a

1  writ of habeas corpus, in forma pauperis, is pending.  The obvious reason for this
2  statutory limitation of authority is that only the Judge of the Court before whom a
3  proceeding is pending is in a position to determine whether it is necessary to impose such
4  a burden upon the Clerk of a Court of the United States and, if so, to limit the copies to be
5  furnished to those records which are pertinent to the issues presented in the case." *Id*.
6  (internal quotation omitted).

7       Here, defendant made a blanket request for a complete file for his examination in
8  preparation of the § 2255 application.  Accordingly, to the extent this request is directed
9  to the court, it is DENIED.  However, defendant also directs this request to his trial
10 counsel.  He attaches a letter to the counsel which indicates that defendant is having
11 difficulty in obtaining his file from his trial counsel.  Client's legal files belong to the
12 client, not the attorney.  *DeMassa v. Nunez*, 770 F.2d 1505, 1507 (9th Cir.1985); *see also*
13 Cal. R. Prof. Conduct 3-700(D) ("A member whose employment has terminated shall:
14 (1) Subject to any protective order or non-disclosure agreement, promptly release to the
15 client, at the request of the client, all the client papers and property. "Client papers and
16 property" includes correspondence, pleadings, deposition transcripts, exhibits, physical
17 evidence, expert's reports, and other items reasonably necessary to the client's
18 representation, whether the client has paid for them or not.).  In accordance with
19 counsel's ethical obligation, the court hereby orders defendant's counsel of record, Allen
20 Harvey Schwartz, to provide defendant with his files **within thirty (30) days** of the date
21 this order is filed.  Counsel shall also file an affidavit that he complied with the court's
22 directive **within thirty (30) days** of the date this order is filed.
23      This order terminates docket number 64.
24      IT IS SO ORDERED.

26 DATED:  6/4/09

                                                               RONALD M. WHYTE
                                                               United States District Judge