*E-FILED on: 6/22/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JUAN HERNANDEZ-TORRES,<br><br>    Defendant. | NO. CR-07-00363-RMW<br><br>(Related to C-09-04234-RMW)<br><br>ORDER REQUESTING CLARIFYING EVIDENCE ON MOTION UNDER § 2255 |

The government filed its response to the one claim in movant's § 2255 motion that was not summarily dismissed, specifically defendant's claim that his appointed counsel promised to file a notice of appeal but failed to do so. The government's response includes a declaration from counsel that defendant never asked him to file a notice of appeal, nor did he inform the defendant that he had filed one. Although defendant's declaration as to what he, defendant, told his counsel about his desire to appeal and what his counsel told him is somewhat unclear, it does appear that defendant claims there was at least some discussion with his counsel concerning the filing of an appeal. Although at this point, it does not appear that an appeal would have been meritorious, counsel's failure to file an appeal if he was requested to do so nevertheless constitutes ineffective assistance. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005). "The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal." *Id.*

The government asserts that movant's motion should be denied and no evidentiary hearing held. The government suggests that defense counsel's denial that he was ever requested to file an appeal is dispositive. However, the court cannot accept counsel's declaration and ignore what movant asserts was said. Nevertheless, before defendant will be deemed entitled to an evidentiary hearing, he must clarify what discussion he had with his counsel regarding an appeal. He needs to set forth, among other things, the approximate date on which he discussed filing of an appeal, the substance of what was said by him to his counsel and what his counsel told him. If the defendant's evidence raises a question of fact regarding whether counsel was asked to file an appeal or promised to do so and then failed to do so, the court will hold an evidentiary hearing to resolve the disputed question and rule on the motion. As an alternative, the government could choose to drop its opposition to defendant's motion and let defendant's appeal go forward if it believes it would be less work to get the appeal dismissed than to participate in an evidentiary hearing. *Id.*

Defendant is to submit his clarifying evidence by July 29, 2011. If defendant fails to do so, his § 2255 motion will be denied. If defendant files clarifying evidence, the government may respond by August 12, 2011.

DATED: June 22, 2011.

_____
RONALD M. WHYTE
United States District Judge

NO. CR-07-00363-RMW
(Related to C-09-04234-RMW)
ORDER REQUESTING CLARIFYING EVIDENCE ON MOTION UNDER § 2255

Copy of Order Mailed on 6/22/11 to:

Juan Hernandez-Torres
#10682-111
Federal Correctional Institution
P.O. Box 52020
Bennettsville, SC 29512

Copy of Order E-Filed to Government on 6/22/11

NO. CR-07-00363-RMW
(Related to C-09-04234-RMW)
ORDER REQUESTING CLARIFYING EVIDENCE ON MOTION UNDER § 2255